

December 11, 2012

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119
<u>VIA E-FILING</u>

      Re:    <u>*Peruta v. County of San Diego*, Case No. 10-56971</u>
               Appellants' Citation of Supplemental Authority Pursuant to Rule 28(j)

Dear Ms. Dwyer:

     Plaintiffs-Appellants write to bring to the Court's attention a recent decision in *Moore v. Madigan* and *Shepard v. Madigan*, Nos. 12-1269 & 12-1788 (7th Cir.) (attached), holding unconstitutional Illinois' near-total ban on carrying loaded firearms in public.

     In an opinion authored by Judge Posner, the Seventh Circuit concluded that "[t]o confine the right to be armed to the home is to divorce the Second Amendment from the right of self-defense described in *Heller* and *McDonald*." Op.8. It further concluded that "[t]he Supreme Court has decided that the amendment confers a right to bear arms for self-defense, which is as important outside the home as inside," and that lower courts "are bound by the … historical analysis" that led the Court to that conclusion "because it was central to the Court's holding in *Heller*." Op.7, 20. The Seventh Circuit also questioned the Second Circuit's recent decision in *Kachalsky v. County of Westchester*, Nos. 11-3642 & 11-3962, upholding public carry restrictions and its "suggestion that the Second Amendment should have much greater scope inside the home than outside." Op.18. As the Seventh Circuit concluded, "the interest in self-protection is as great outside as inside the home." Op.18.

     In determining that no remand for summary judgment proceedings was necessary to conclude that Illinois' near-total ban was unconstitutional, the Seventh Circuit also rejected Illinois' scant evidence attempting to justify its total ban as potentially furthering public safety interests. The Court explained, "[i]f the mere possibility that allowing guns to be carried in public would increase the crime or death rates sufficed to justify a ban, *Heller* would have been decided the other way." Op.13. In light of Illinois' total failure to make the "strong showing" necessary to



uphold its ban, the Court emphasized that its "analysis [wa]s not based on degrees of scrutiny, but on Illinois's failure to justify" its scheme. Op.14, 19.

San Diego's policy likewise can be invalidated without need for remand or consideration of "degrees of scrutiny" because it eliminates the only available avenue for public carry and is antithetical to the right recognized in *Heller*.

Sincerely,

/s/ Paul D. Clement
Paul D. Clement
*Counsel for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2012, an electronic PDF of this Rule 28(j) letter was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

    /s Paul D. Clement
Paul D. Clement
Attorney for *Plaintiffs-Appellants*