IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**EDWARD PERUTA, et al.,**

                          Plaintiffs-Appellants,

**v.**

**COUNTY OF SAN DIEGO, et al.,**

                        Defendants-Appellees;

**STATE OF CALIFORNIA,**

         Proposed Intervenor-Appellee.

Before O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges

Opinion Filed Feb. 13, 2014

On Appeal from the United States District Court
for the Southern District of California
No. 3:09-cv-02371-IEG (BGS)
The Hon. Irma E. Gonzalez, Chief District Judge

### STATE OF CALIFORNIA'S MOTION TO INTERVENE

KATHLEEN A. KENEALY
Chief Assistant Attorney General
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROSS C. MOODY
Deputy Attorney General

KAMALA D. HARRIS
Attorney General of California
EDWARD C. DUMONT
Solicitor General
GREGORY D. BROWN, SBN 219209
CRAIG J. KONNOTH, SBN 288602
Deputy Solicitors General

California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-1617
Fax: (415) 703-1234
Email: craig.konnoth@doj.ca.gov
*Attorneys for the State of California*

# TABLE OF CONTENTS

**Page**

State of California's Motion to Intervene ........................................................ 1

Factual and Procedural Background ............................................................... 2

Argument ....................................................................................................... 5

    I.    The State is entitled to intervene ............................................ 5

        A.    The Court's decision calls into question the constitutionality of state statutes .................................... 5

        B.    The State has a significant interest in this action that will not be protected by existing parties. ................. 8

        C.    The State's motion to intervene is timely under the circumstances of this case. ........................................... 11

    II.    The State also should be permitted to intervene under Rule 24(b) ........................................................................... 14

Conclusion ................................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

CASES

*Bartnicki v. Vopper*
532 U.S. 514 (2001)......................................................................... 7

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*
712 F.3d 1349 (9th Cir. 2013) ......................................................... 15

*Day v. Apoliona*
505 F.3d 963 (9th Cir. 2007) ...................................................... passim

*Freedom from Religion Found., Inc. v. Geithner*
644 F.3d 836 (9th Cir. 2011) ........................................................... 15

*Green v. United States*
996 F.2d 973 (9th Cir. 1993) ........................................................... 11

*Ill. State Bd. of Elections v. Socialist Workers Party*
440 U.S. 173 (1979).......................................................................... 7

*In re Webber*
674 F.2d 796 (9th Cir. 1982) ............................................................. 7

*Int'l Union, UAW, AFL–CIO, Local 283 v. Scofield*
382 U.S. 205 (1965).......................................................................... 1

*League of United Latin Am. Citizens v. Wilson*
131 F.3d 1297 (9th Cir. 1997) ......................................................... 16

*San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.*
187 F.3d 1096 (9th Cir. 1999) ......................................................... 14

*United States v. Alisal Water Corp.*
370 F.3d 915 (9th Cir. 2004) ............................................................. 9

*United States v. City of Los Angeles*
288 F.3d 391 (9th Cir. 2002) ...................................................... 9, 10

# TABLE OF AUTHORITIES
## (continued)

*United States v. Oregon*
    745 F.2d 550 (9th Cir. 1984) ................................................................... 14

*Warren v. Comm'r of Internal Revenue*
    302 F.3d 1012 (9th Cir. 2002) ................................................................. 1

**STATUTES**

28 U.S.C.
    § 2403 ....................................................................................................... 6, 7

Cal. Penal Code
    § 25850 ............................................................................................... 4, 8, 10
    § 26150 .......................................................................................... 3, 6, 7, 10
    § 26155 .......................................................................................... 3, 6, 7, 10
    § 26160 ........................................................................................................ 10
    § 26350 ............................................................................................... 4, 8, 10

**CONSTITUTIONAL PROVISIONS**

Cal. Const. Article V, § 13 .............................................................................. 10

Second Amendment ............................................................................... 3, 4, 7, 8

**COURT RULES**

Fed. R. Civ. P.
    Rule 24 ........................................................................................................ 1, 5
    Rule 24(a) ......................................................................................................... 5
    Rule 24(a)(1) ........................................................................................ 5, 6, 7, 8
    Rule 24(a)(2) ............................................................................................ passim
    Rule 24(b) .......................................................................................... 5, 15, 16
    Rule 24(b)(1) ................................................................................................. 15
    Rule 24(b)(2) ................................................................................................. 16

9th Cir. R. 27-1 ................................................................................................... 2

## STATE OF CALIFORNIA'S MOTION TO INTERVENE

The State of California seeks leave to intervene in this action as a Defendant-Appellee for the purpose of seeking en banc review. The State should be permitted to intervene as of right, because this case draws into question the constitutionality of the State's statutory scheme regulating the public carrying of firearms, as it has been commonly understood and applied, and because it presents questions of exceptional importance to the State and existing parties will not adequately represent the State's interests. Alternatively, this Court should allow the State to intervene because the case will affect vital interests of the State.[1]

The State's motion to intervene is timely under the circumstances of this case. The State is seeking to intervene fourteen days after the Court issued an opinion adopting broad constitutional reasoning with significant implications for the State, and just six days after the existing Defendants-Appellees announced that they will not seek further review in this case.

---

[1] This Court generally applies the standards set forth in Federal Rule of Civil Procedure 24 when considering motions to intervene on appeal. *See*, *e.g.*, *Day v. Apoliona*, 505 F.3d 963, 964-66 (9th Cir. 2007) (permitting State of Hawai'i to intervene to seek rehearing en banc when existing party declined to do so); *Warren v. Comm'r of Internal Revenue*, 302 F.3d 1012, 1015 (9th Cir. 2002); *see also Int'l Union, UAW, AFL–CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965) (noting that "the policies underlying intervention [under Rule 24] may be applicable in appellate courts").

Plaintiffs will not be prejudiced by the State's intervention, as the State will not seek to raise any issues that could not have been raised by the existing Defendants-Appellees.

Finally, because the existing Defendants-Appellees have declined to pursue further review, the State's intervention is both necessary and appropriate to protect important interests of the State that are now at stake in this case. *See Day v. Apoliona*, 505 F.3d 963, 964-66 (9th Cir. 2007) (granting Hawai'i's motion to intervene post-decision for the purpose of seeking further review where existing party declined to do so). For these reasons, and those set forth below, the State of California respectfully requests that it be permitted to intervene in this action.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2009, Plaintiffs sued the County of San Diego and its Sheriff to challenge the County's policy for implementing the "good cause" requirement for issuing concealed-carry permits under state law. Plaintiffs did not name the State or any state agency or official as a defendant, and the State has not previously sought to intervene or otherwise participate in this case.

---

[2] Plaintiffs-Appellants have informed the State that they intend to oppose this motion. *See* 9th Cir. R. 27-1 advisory committee note, § 5.

The district court entered summary judgment for Defendants on December 10, 2010, and Plaintiffs appealed. On February 13, 2014, a divided panel of this Court issued an opinion that would reverse the judgment of the district court. The opinion reasons that San Diego County's interpretation and application of two state statutes, California Penal Code sections 26150 and 26155, is unconstitutional under the Second Amendment. *See* slip op. 6 ("At issue in this appeal is [San Diego County's] policy's interpretation of the 'good cause' requirement found in [California Penal Code] sections 26150 and 26155."); *id.* at 47-52 (holding San Diego County's "good cause" policy unconstitutional because it "destroys" an otherwise-qualified applicant's "right to bear arms in public for the lawful purpose of self-defense").

The panel's opinion would set precedent that draws into question the constitutionality of California's entire statutory scheme governing the public carrying of firearms. As the opinion states, Plaintiffs' lawsuit "targets the constitutionality of the entire scheme" of gun-control regulation in California, slip op. 53; and the panel holds that "the Second Amendment does require that the states permit *some form* of carry [i.e., either open- or concealed-carry] for self-defense outside the home." Slip op. 55. In the panel majority's view, because California generally bans the open carrying

of handguns, *see* Cal. Penal Code §§ 25850, 26350, the Second Amendment requires the State to permit otherwise-qualified individuals to carry concealed firearms in public areas based on nothing more than an assertion of a desire to do so for the purpose of self-defense.  Slip op. 47-52.  The Court further holds that San Diego County's interpretation of the state statutory "good cause" requirement for concealed-carry permits, requiring something more than a general desire to carry a gun for self-protection, not only burdens but "destroys" Second Amendment rights, and thus is unconstitutional under any circumstances.  *Id.*  As the panel dissent notes, this effectively "eliminates the statutory 'good cause' requirement and transforms it into a 'no cause' limitation for the general public.  Thus, Plaintiffs' complaint and theory necessarily specifically calls into question the constitutionality of state concealed carry law."  *Id.* at 105 (Thomas, J., dissenting).

On February 21, 2014, the County of San Diego and the County Sheriff—the only existing Defendants-Appellees—announced that they will not seek further review of the Court's decision.  Thus, unless the State of California is allowed to intervene as a party, no petition for rehearing or rehearing en banc can be filed in this Court; it is not clear how the interests of the State could be protected even if the Court were to take the case en

banc *sua sponte*; and no party will be in a position to ask the Supreme Court to consider whether to grant certiorari.

For these reasons, the State of California now seeks to intervene in this action for the purpose of seeking rehearing or en banc review.

## ARGUMENT

In assessing motions to intervene in a proceeding on appeal, this Court has generally applied the standards set forth in Rule 24 of the Federal Rules of Civil Procedure. See *supra*, note 1. Here, California is entitled to intervene as of right under the standards of Rule 24(a). The Court's opinion calls into question the constitutionality of state statutes, and would impair the State's ability to protect several significant interests that are not adequately represented by any of the existing parties. In the alternative, the Court should exercise its discretion to allow the State to intervene under the standards of Rule 24(b).

## I. THE STATE IS ENTITLED TO INTERVENE

### A. The Court's Decision Calls into Question the Constitutionality of State Statutes.

Under the standards of Rule 24(a)(1), the State may intervene as of right because this appeal calls into question the constitutionality of the State's statutory scheme governing the carrying of firearms in public places.

Rule 24(a)(1) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The State's statutory right to intervene in this case is supplied by 28 U.S.C. § 2403, which states that in any "proceeding . . . wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court . . . shall permit the State to intervene for . . . argument on the question of constitutionality." 28 U.S.C. § 2403.

Here, the Court's holding and reasoning, in a precedential published opinion, necessarily call into question the constitutionality of California's statutory scheme governing the public carrying of concealed firearms as it has been commonly understood and applied by local authorities. Indeed, the Court's opinion directly strikes down, on an as-applied basis, San Diego County's interpretation and application of two state statutes, California Penal Code sections 26150 and 26155. *See* slip op. 6 ("At issue in this appeal is [San Diego County's] policy's interpretation of the 'good cause' requirement found in [California Penal Code] sections 26150 and 26155."). As both this Court and the Supreme Court have implicitly indicated, intervention as of right under Rule 24(a)(1) and § 2403 does not require a facial challenge, but is appropriate whenever a plaintiff raises either a facial

or an as-applied constitutional challenge to a state or federal statute. *See Bartnicki v. Vopper*, 532 U.S. 514, 521 (2001) (United States intervened in court of appeal under § 2403 "in order to defend the constitutionality of the federal statute" in an as-applied challenge); *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 178, 183 (1979) (state agency intervened in district court under § 2403 to defend against as-applied challenge); *In re Webber*, 674 F.2d 796, 799 (9th Cir. 1982) (United States intervened in bankruptcy court under § 2403 to defend against as-applied challenge). Accordingly, Plaintiffs' as-applied challenge to San Diego County's implementation of the "good cause" requirement of sections 26150 and 26155 is, by itself, sufficient to confer a right upon the State to intervene under Rule 24(a)(1) and § 2403 for the purpose of defending the constitutionality of these state statutes.

Moreover, although the Court's opinion may not directly "rul[e] on the constitutionality of state statutes," slip op. 56 n.19, its reasoning "draw[s] in question" the entire state statutory scheme governing the public carrying of firearms and invalidates a broad swath of heretofore permissible applications of these statutes. 28 U.S.C. § 2403. The Court holds that the Second Amendment secures the right to bear arms in public places, which "require[s] that the states permit *some form* of carry [i.e., either open- or concealed-

carry] for self-defense outside the home."  Slip op. 55.  Thus, the Court

holds that because California generally bans open carrying, *see* Cal. Penal

Code §§ 25850, 26350, the Second Amendment requires the State to permit

otherwise-qualified individuals to carry concealed weapons in public for the

purpose of self-defense.  Slip op. 47-52.  Further, it holds that any statutory

requirement of "good cause" for a concealed-carry license cannot, under the

Second Amendment, require anything more than an asserted desire to carry a

gun in public for self protection.  *Id.*  These holdings, in a precedential

opinion, necessarily call into question the State's statutory scheme

governing the public carrying of concealable weapons.  Accordingly, the

State may intervene as of right under Rule 24(a)(1).

### B.   The State Has a Significant Interest in This Action That Will Not Be Protected by Existing Parties.

The State also is entitled to intervene as of right under Rule 24(a)(2),

because the State has a significant interest in this case that is not adequately

represented by existing parties.  Rule 24(a)(2) provides that

> On timely motion, the court must permit anyone to
> intervene who:
>
> * * *
>
> (2) claims an interest relating to the property or
> transaction that is the subject of the action, and is so
> situated that disposing of the action may as a practical

matter impair or impede the movant's ability to protect
its interest, unless existing parties adequately represent
that interest.

Fed. R. Civ. P. 24(a)(2).

To intervene under Rule 24(a)(2), the applicant must show that (1) "it

has a significant protectable interest relating to the subject of the action";

(2) "the disposition of the action may, as a practical matter, impair or impede

. . . [its] ability to protect its interest"; (3) "the application is timely"; and

(4) "the existing parties may not adequately represent . . . [its] interest."

*Day*, 505 F.3d at 965. In determining whether intervention is appropriate,

"courts are guided primarily by practical and equitable considerations, and

the requirements for intervention are broadly interpreted in favor of

intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th

Cir. 2004). This "liberal policy in favor of intervention serves both efficient

resolution of issues and broadened access to the courts." *United States v.

City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002). Indeed, "[b]y

allowing parties with a *practical* interest in the outcome of a particular case

to intervene, we often prevent or simplify future litigation involving related

issues; at the same time, we allow an additional interested party to express

its views before the court." *Id.* at 398.

Here, the State satisfies all four requirements of Rule 24(a)(2).  First, the State has several "significant protectable interests" that are implicated by the Court's opinion, including the State's interests in upholding the constitutionality of its statutes governing the public carrying of firearms; in preserving and protecting public safety through the reasonable regulation of public carrying; and in protecting the discretion statutorily afforded to local licensing officials to determine the appropriate "good cause" standards for issuing concealed-carry permits in their respective locales.  *See* Cal. Penal Code §§ 25850, 26150, 26155, 26160, 26350; *see also* Cal. Const. art. V, § 13 ("The Attorney General shall have direct supervision over every . . . sheriff . . . in all matters pertaining to the duties of their respective offices . . . .").  These interests satisfy the "significant protectable interests" test, which requires only "an interest that is protected under some law," and a "relationship" between that interest and the claims at issue.  *City of Los Angeles*, 288 F.3d at 398.  Moreover, "[t]he 'interest' test is not a clear-cut or bright-line rule, because '[n]o specific legal or equitable interest need be established.'"  *Id.*  "Instead, the 'interest' test directs courts to make a 'practical, threshold inquiry,' and 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'"  *Id.* (citation omitted).

Second, the Court's opinion directly impairs the State's ability to protect these interests, as it calls into question the imposition of any meaningful "good cause" requirement for concealed carrying under the State's current statutory scheme. *See Day*, 505 F.3d at 965 (where an applicant seeks to intervene on appeal post-decision, the second prong of the Rule 24(a)(2) analysis may be satisfied by the opinion's "precedential impact" on the applicant's interest); *Green v. United States*, 996 F.2d 973, 977 (9th Cir. 1993) ("Intervention may be required when considerations of *stare decisis* indicate that an applicant's interest will be practically impaired.").

Third, the State's motion to intervene is timely. *See infra*, Part I.C.

Finally, the existing parties will not protect the State's interests in this case. The only existing Defendants-Appellees have publicly stated that they will not file a petition for rehearing en banc. *See Day*, 505 F.3d at 965 ("The unwillingness of the [parties] . . . to petition for rehearing, means that the [proposed intervenor's] interest is not adequately protected at this stage of the litigation."). Accordingly, the State is entitled to intervene as of right under the standards of Rule 24(a)(2).

### C. The State's Motion to Intervene Is Timely Under the Circumstances of This Case.

The State's motion to intervene is also timely. The State is seeking to intervene just fourteen days after the issuance of a panel opinion calling into question the constitutionality of state statutes. This motion is also filed just six days after the only existing Defendants-Appellees announced that they would not petition for rehearing or rehearing en banc, so that there is no existing party that can represent the State's interest in this case.

Intervention may be permitted at any time, and the timeliness of a motion to intervene is assessed by considering "(1) 'the stage of the proceeding,' (2) 'the prejudice to other parties,' and (3) 'the reason for and length of the delay.'" *Day*, 505 F.3d at 965.

Each of these factors indicates that the State's motion in this case is timely. First, the State's intervention at this stage of the proceedings is appropriate under the circumstances of this case, where the Court's opinion would decide issues of exceptional importance to the State and the existing parties have declined to pursue further review. Indeed, the State's proposed intervention here is almost identical to the post-decision intervention that this Court granted the State of Hawai'i in *Day*. *See Day*, 505 F.3d at 964-66 (granting Hawai'i's motion to intervene post-decision in order to petition for

rehearing en banc because the panel's opinion impacted the State and the parties declined to seek further review).

Second, Plaintiffs will not be prejudiced if the State is allowed to intervene. The prejudice inquiry asks only whether the other parties will be prejudiced "from granting the motion *at this time rather than earlier*." *Day*, 505 F.3d at 966 (emphasis added). Here, as in *Day*, Plaintiffs will not be prejudiced because the State's intervention "will not create delay by 'inject[ing] new issues into the litigation,' but instead will ensure that [the court's] determination of an already existing issue is not insulated from review simply due to the posture of the parties." *Id.* at 965 (citation omitted); *see also id.* (finding no prejudice from the timing of intervention because "the practical result of [the State's] intervention—the filing of a petition for rehearing—would have occurred whenever the state joined the proceedings").

Third, the State's delay in seeking to intervene is reasonable, as there was no compelling reason for the State to directly intervene prior to the majority's sweeping decision, as the State only learned that its interests in this case could not be protected without intervention on February 21, 2014, when Defendants-Appellees announced that they would not seek further review. "In measuring any delay in seeking intervention, the inquiry looks

13

to when the intervenor first became aware that its interests would no longer be adequately protected by the parties." *San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.*, 187 F.3d 1096, 1101 (9th Cir. 1999); *see also Day*, 505 F.3d at 965 (stating that the "mere lapse of time, without more, is not necessarily a bar to intervention"); *United States v. Oregon*, 745 F.2d 550, 551-53 (9th Cir. 1984) (holding that a State could intervene in district court proceedings as of right fifteen years after the proceedings began).

Finally, even if the Court were to determine that the State should have intervened earlier, any such concerns should be outweighed by the consequences of denying the State's motion to intervene at this stage of this exceptionally important case. *See Day*, 505 F.3d at 966 ("[E]ven though Hawaii could have and should have intervened earlier, we will not foreclose further consideration of an important issue because of the positions of the original parties, despite the long term impact on the State of Hawaii."). Here, as in *Day*, unless the State is made a party to these proceedings, "no petition for rehearing can be filed in this Court, and there will be no opportunity for the Supreme Court to consider whether to grant certiorari." *Id.*

## II. THE STATE ALSO SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B)

In the alternative, the State of California should be permitted to intervene under the standards of Rule 24(b) because of the vital state interests that are at now at stake in this litigation.

Rule 24(b) grants courts broad discretion to allow permissive intervention under appropriate circumstances, providing that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Generally, permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013).

The State meets all of these requirements. First, the jurisdictional requirement is satisfied because this case raises a federal question and the State is not raising any new claim. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("We . . . clarify that the independent jurisdictional grounds requirement does not apply to proposed

intervenors in federal-question cases when the proposed intervenor is not raising new claims.").

Second, for the reasons set forth in Part I.C above, the State's intervention is timely. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) ("In determining timeliness under Rule 24(b)(2), we consider precisely the same three factors . . . that we have just considered in determining timeliness under Rule 24(a)(2).").

Third, there are common questions of law and fact. The State seeks to intervene precisely because the holding and reasoning of the panel majority's opinion have broad potential implications for the State's ability to defend and enforce existing state law in proceedings involving any city or county in the State.

Finally, the Court should exercise its equitable discretion to permit the State to intervene under Rule 24(b) because this case presents issues of exceptional importance to the State that existing parties cannot or will not adequately protect. Accordingly, the Court should permit the State to intervene.

/ / /

/ / /

/ / /

# CONCLUSION

The State of California should be permitted to intervene as a

Defendant-Appellee in this case for the purpose of seeking further review.

Respectfully submitted,

KATHLEEN A. KENEALY
Chief Assistant Attorney General
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROSS C. MOODY
Deputy Attorney General

KAMALA D. HARRIS
Attorney General of California
EDWARD C. DuMONT
Solicitor General
CRAIG J. KONNOTH
Deputy Solicitor General

*/s/ Gregory D. Brown*
GREGORY D. BROWN
Deputy Solicitor General

*Attorneys for the State of California*

February 27, 2014

| 9th Circuit Case Number(s) | 10-56971 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) February 27, 2014 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)  s/ Gregory D. Brown

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)