No. 10-56971

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDWARD PERUTA; MICHELLE LAXSON; JAMES DODD; DR. LESLIE BUNCHER; MARY CLEARLY; CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION,

Plaintiffs-Appellants,

v.

COUNTY OF SAN DIEGO; WILLIAM D. GORE, individually and in his capacity as Sheriff,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**AFFIRMATION SUBMITTED IN OPPOSITION TO COURT EN BANC REVIEW BASED UPON JUDICIAL ECONOMY AND TO HAVE THIS SUBMISSION ACCEPT AS AMICUS CURIAE (FRAP 29 ETSEQ)**

Allan J. Mayer, (SBN 169962)
Admitted in New York, 1959 and to the Ninth Circuit in 1994
I am appearing Pro Bono, Pro per, Pro se, Amicus Curiae
1650 El Cerrito Court
San Luis Obispo, CA 93401-4610
(805) 544-5843
lanyslo@aol.com

1

## TABLE OF CONTENTS

**I. FRAP RULE 29 (C)(4) STATEMENT OF IDENTITY**----------------------------------------------------------2

**II. FRAP RULE 29 (C)(5) STATEMENT**-------------------------------------------------------------------------2

**III. STATEMENT OF JURISDICTION**---------------------------------------------------------------------------3

**IV. STATEMENT OF THE CASE AND FACTS**----------------------------------------------------------3&4

**V. ARGUMENT**---------------------------**JUDICIAL ECONOMY**-----------------------------------------4
  A. THIS COURT SHOULD NOT HAVE A COURT EN BANC REVIEW, BECAUSE

*(A) THEY ARE OVERWORKED;*

*(B) EN BANC REVIEW IS TANTAMOUNT FOR VIEWING FIVE CASES;*

*(C) THIS COURT SPENT TWELVE (12) YEARS ON THE NORDYKE CASE;*

*(D) EN BANC REVIEW WILL BE MOOTED BY THE SUPREME COURT;*

*(E) THE FEDERAL COURTS HAS SPENT TOO MUCH TIME ADDRESSING THIS ISSUE WHICH SHOULD BE RESOLVED BY US SUPREME COURT.*

## TABLE OF AUTHORITIES

There will be no authorities cited for any propositions of law in this submission.

### PROPOSE SUBMISSION OF AMICUS CURIAE

Allan J Mayer, Esquire Pro bono, Pro per, and Pro Se

### I. FRAP RULE 29 (C)(4) STATEMENT OF IDENTITY

Allan J. Mayer is submitting this submission and represents himself as a true friend of the court and contends that this case should not have En Banc review. The 2nd Amendment issues should be left to the Supreme Court of the United States.

### II. FRAP 29 (C)(5) STATEMENT

As required by FRAP Rule 29 (C)(5), Amicus herewith state that this submission was not authored by counsel for a party to this action, and this submission was funded entirely by applicant, Allan J. Mayer; no party nor counsel to a party provided any financial support or funding hereto. Allan. J. Mayer has provided all of the funding hereto.

### III. STATEMENT OF JURISDICTION

Your Amicus, Allan J. Mayer, as a pure friend of the court and against any entity that wishes court En Banc review.

### IV. STATEMENT OF THE CASE AND FACTS

The Attorney General of the State of California and the Brady Campaign to Prevent Gun Violence has requested court En Banc review. Your Amicus is against court En Banc review based upon judicial economy which is set forth in the Amicus' affirmation submitted herewith, as follows…

1. The Ninth Circuit is an over worked court. Some would opine stretched beyond its limits.

2. Every time there is En Banc Review it is tantamount to the same case being heard five (5) times, i.e. 3 judges the first time and nearly 12/3=4 four judges en banc hearing the second time. There are nearly 12 in an en banc hearing. The Judges time should be considered as well as the judge's staff time, and court personal time, i.e. in take, docketing etc, that is required.

3. This circuit has spent an enormous amount time on cases involving the 2nd Amendment see Nordyke V King, No 07-15763. Nordyke was in the Ninth Circuit for twelve (12) years (see En Banc opinion of June 1, 2012.) The time this court spent on Nordyke, could have been use to solve nearly 25 cases.

4. If there is any En Banc determination the Supreme Court will probably grant certiorari? So whatever this court determines may be mooted.

5. The Federal Courts throughout this country are over worked and under-funded. The courts have spent far too much time addressing this 2nd Amendment issue. The time has finally arrived for the issue to be resolved by the U.S. Supreme Court.

Allan J. Mayer affirms the following under penalties of perjury.

1. This affirmation-submission is submitted (a.) Pro Bono, Pro per, and Pro se as a Real Friend of the Court Amicus Curie. It is in opposition to Court En Banc Review (b.) as an application pursuant FRAP 29 etseq to have this affirmation considered by this Court as an application for amicus consideration.

2. I was admitted to the Ninth Circuit in 1995.

3. I am submitting this affirmation-submission to the court as truly a Friend of the Court. I am not a member of the NRA or the CR&PA, the Brady Campaign to Prevent Gun Violence and not employed in any way by the state of California. I have not received any/or will accept any compensation for writing this affirmation-submission to the court. This affirmation-submission will not contain any law pertaining to the 2nd Amendment legal issues in this case.

4. The practical reason why En Banc Review should be Denied are as follows:

    a. The Ninth Circuit is an over worked court. Some would opine stretched beyond its limits.

    b. Every time there is En Banc Review it is tantamount to the same case being heard five (5) times, i.e. 3 judges the first time and nearly 12/3=4 four judges en banc hearing the second time. There are nearly 12 in an en banc hearing.

    The Judges time should be considered as well as the judge's staff time, and court personal time, i.e. in take, docketing etc, that is required.

    c. This circuit has spent an enormous amount of time on cases involving the 2nd Amendment see Nordyke V King, No 07-15763. Nordyke was in the Ninth Circuit for twelve (12) years (see En Banc opinion of June 1, 2012.) The time this court spent on Nordyke, could have been used to solve nearly 25 cases.

    d. If there is any En Banc determination the Supreme Court will probably grant certiorari. So whatever this court determines may be mooted.

5. The Federal Courts throughout this country are over worked and under-funded. The courts have spent far too much time addressing this 2nd Amendment issue. The time has finally arrived for the issue to be resolved by the U.S. Supreme Court.

6. Is "Amicus curiae" a misnomer?

    I note that the amicus submissions with regard to this subject were for one side or the other side. Perhaps it would be better for the court to require all amicus submissions to be labeled amicus in support of appellant or amicus in support of appellee.

    The amicus submission herein is submitted as a real amicus for the benefit of the judicial economy.

I respectfully request the Ninth Circuit Court of Appeals to accept this affirmation-submission Amicus Curiae and stay it's hand and deny En Banc Review for judicial economy.

Affirmation Signed Friday March 14, 2014 in the County of San Luis Obispo, California

Respectfully Submitted,

*Allan Mayer*
Allan Mayer

## CERTIFICATE OF COMPLIANCE

I, Allan Mayer, hereby certify that the attached application and proposed brief consist of 1,496 words, including the Title, Table of Contents, Certificate of Compliance, and Proof of Mailing. I have relied on the word count of the computer program used to prepare the brief.

*Allan Mayer*                                                                                   March 14, 2014
Allan Mayer
Attorney Amicus Curiae
Admitted in New York, 1959 and to the Ninth Circuit in 1994
I am appearing Pro Bono, Pro per, Pro se, Amicus Curiae
1650 El Cerrito Court
San Luis Obispo, CA 93401-4610
(805) 544-5843
lanyslo@aol.com

## PROOF OF MAILING

Re: Peruta, ETAL vs. County of San Diego, ETAL No. 10-56971

I, Allan J. Mayer, state, under penalty of perjury, that I am Pro Bono, Pro per, and Pro se, Amicus curiae in the above entitled cause, that I am not a party to the above entitled cause, that on the date shown below, at San Luis Obispo, California, I deposited in the mail, a true copy of the arbitration decisions, the same having been place in envelopes to the parties whose names appear thereon, at the addresses herein stated, that the envelope was sealed and deposited in the mail with the postage fully prepaid.

Dated: Friday March 13, 2014

*Allan J. Mayer*
Allan J. Mayer

The attorneys for the Brady Campaign to Prevent Gun Violence at their addresses. Neil O' Hanlon, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA. 90067

5

Carl D. Michael, Michael + Associates,180 E. Ocean Blvd. Suite 200, Long Beach, CA 90802; Attorneys for plaintiffs-appellants and Thomas E. Montgomery, Country Counsel for the County of San Diego County attorney for Defendant appellants.

Attorney General of the State of California, at her address, P.O. Box 944244, Sacramento, CA 94244.

The Law Offices of Jones & Mayer attorneys for the California State Sheriffs Association, California Police Chiefs Associations, and California Peace Officers Association located at Law Offices of Jones & Mayer, Fullerton, California. Law Offices of Jones & Mayer, 3777 N. Harbor Blvd. Fullerton, CA. 92835