# No. 10-56971

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

EDWARD PERUTA, et al.,
*Appellants*

v.

COUNTY OF SAN DIEGO, et al.,
*Appellees*

_____

On Appeal from the United States District Court for the
Southern District of California, No. 09-CV-2371 (Gonzalez, J.)

_____

**REPLY OF *AMICI CURIAE* LAW CENTER TO PREVENT GUN VIOLENCE AND MARIN COUNTY SHERIFF ROBERT DOYLE IN RESPONSE TO APPELLANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE *AMICUS* BRIEF**

_____

SIMON J. FRANKEL
MICHELLE L. MORIN
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111
Telephone: (415) 591-6000

Attorneys for *Amici Curiae* Law Center to Prevent Gun Violence and Sheriff Robert Doyle

This appeal presents exceptionally important issues, about which there is much disagreement. The divided panel's decision created an intercircuit split (with *four* other circuits) regarding the scope of the Second Amendment right. The case's practical impact on public safety and law enforcement is equally dramatic: by reaching beyond the question presented to effectively declare unconstitutional California's statutory "good cause" requirement for concealed-carry licenses, the opinion swept aside law enforcement's ability to limit the proliferation of concealed and loaded weapons in public, throughout the Ninth Circuit.

Appellants do not contest any of this, but fault the Law Center to Prevent Gun Violence and Sheriff Doyle (collectively, "*Amici*") for seeking leave to file an *amicus* brief in support of the State of California's motion to intervene in order to seek *en banc* rehearing. Their opposition is both petty and baseless.

Appellants first contend that there cannot be an *amicus* brief in support of a motion to intevene. But the Law Center, which was an *amicus* in the appeal before the panel, had every right to seek leave to submit an *amicus* brief under Ninth Circuit Rule 29-2, which is entitled "Brief [of] *Amicus Curiae* Submitted to Support or Oppose a Petition for Panel or *En Banc* Rehearing *or During the Pendency of Rehearing*." (Emphasis added.) Nothing in that rule, or in Federal Rule of Appellate Procedure 29, requires that an *amicus* brief be filed only on ultimate disposition of an appeal; in fact, by providing for *amicus* briefs in support

1

of petitions for rehearing or during the pendency of such, the Circuit Rule appears to contemplate the opposite.  Appellants also cite to Federal Rule of Appellate Procedure 29(e), but that is only a provision governing filing deadlines.

Appellants next complain that the proposed *amicus* brief is in support of rehearing *en banc*, not of the State of California's motion to intervene.  This misses the forest for the trees.  The reason the State should be allowed to intervene rests on the same foundation as the reason rehearing should be granted:  The panel's radical decision, reached without participation by the State of California, sweeps aside decades of jurisprudence to invalidate California's statutory concealed-carry regime.  For whatever reason, appellee the Sheriff of San Diego County chose not to seek rehearing.  But, as set out in *Amici's* proposed brief, as well as in the motion of the State of California, the issues raised and decided by the panel decision are too important to be left without further review.  The reasons that support rehearing are the same reasons that compel granting the motion to intervene.  Given the broad sweep of the panel's decision and the dramatic and unfortunate implications of that decision for public safety in California, both the State and *Amici* should have the opportunity to be heard on the petition for rehearing *en banc* and ultimately on the issues raised by the panel opinion.

## CONCLUSION

For the reasons set forth in the proposed brief, *Amici's* motion to file the proposed brief should be granted; and for those same reasons, the State of California's motion to intervene should be granted and this case should be reheard *en banc*.

Dated:   March 20, 2014                    Respectfully submitted,

**COVINGTON & BURLING LLP**
  SIMON J. FRANKEL
  MICHELLE L. MORIN

By:    s/ Simon J. Frankel
        SIMON J. FRANKEL

Attorneys for *Amici Curiae*

## CERTIFICATION OF COMPLIANCE

This brief complies with the type-volume limitation of 9th Cir. R. 29-2(c)(2), 32 and 35 because the brief does not exceed 15 pages, excluding material not counted under Fed. R. App. P. 32.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using MS-Word in 14-point Times New Roman font.

<u>March 20, 2014</u>              <u>s/ Simon J. Frankel</u>

Date                     *Attorney Name*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

      Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature: s/ Simon J. Frankel