IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EDWARD PERUTA, et al.,
*Plaintiffs-Appellants*,

v.

COUNTY OF SAN DIEGO, et al.,
*Defendants-Appellees*.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(CV 09-02371-IEG)

**APPELLANT'S RESPONSE TO PETITION FOR REHEARING OR
REHEARING EN BANC REGARDING INTERVENTION**

C.D. Michel SBN 144258
Glenn S. McRoberts SBN 144852
Sean A. Brady SBN 262007
Anna M. Barvir SBN 268728
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Tel.: (5620 216-4444
Fax: (562) 216-4445
cmichel@michellawyers.com

Paul D. Clement
Erin E. Murphy
Bancroft PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C. 20036
Tel.: (202) 234-0090
pclement@bancroftpllc.com

Paul Neuharth, Jr. SBN 147073
PAUL NEUHARTH, JR., APC
1140 Union St., Suite 102
San Diego, CA 92101
Tel.: (619) 231-0401
Fax: (619) 231-8759
pneuharth@sbcglobal.net

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

PAGE(S)

RESPONSE TO PETITION FOR REHEARING
OR REHEARING EN BANC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    The State Does Not Have An Unconditional Statutory Right
      To Intervene In This Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

II.   The Plaintiffs Do Not Oppose The State's Request To Intervene
      Under Rule 24(a)(2) or Rule 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Blair v. Shanahan*,
    38 F.3d 1514 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*CFCU Cmty. Credit Union v. Hayward*,
    552 F.3d 253 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*David K. Mehl et al. v. Lou Blanas et al.*,
    No. 2:03-cv-02682 (E.D. Cal. Sept. 3, 2004) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Day v. Apoliona*,
    505 F.3d 963 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Déjà vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees*,
    411 F.3d 777 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*DeKalb Cnty. v. Fed. Hous. Fin. Agency*,
    741 F.3d 795 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*District of Columbia v. Heller*,
    554 U.S. 570 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gritchen v. Collier*,
    254 F.3d 807, 810 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Haspel & Davis Milling & Planting Co. v.*
*Bd. of Levee Comm'rs of the Orleans Levee Dist. & La.*,
    493 F.3d 570 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Int'l Paper Co. v. Inhabitants of Town of Jay, Me.*,
    887 F.2d 338 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL CASES (CONT.)**

*Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*,
    730 F.3d 208 (3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Peruta v. County of San Diego*,
    742 F.3d 1144 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 8

*Pizzo v. San Francisco*,
    No. 09-04493 (N.D. Cal. July 2, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Lynch*,
    137 U.S. 280 (1890) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


**STATUTES, RULES & REGULATIONS**

Federal Rule of Appellate Procedure 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Federal Rule of Appellate Procedure 44 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cal. Penal Code § 25850 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Penal Code § 26035 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Penal Code § 26045 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Penal Code § 26055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Penal Code § 26150 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Penal Code § 26155 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

## STATUTES, RULES & REGULATIONS

Cal. Penal Code § 26350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Penal Code § 26400 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## RESPONSE TO PETITION FOR REHEARING
## OR REHEARING EN BANC

Earlier this year, a panel of this Court concluded that the San Diego County Sheriff's policy of denying the vast majority of residents their constitutional right to carry a firearm outside the home for self-defense is unconstitutional. *Peruta v. County of San Diego*, 742 F.3d 1144, 1169 (9th Cir. 2014). Shortly thereafter, the Sheriff decided that, while he would not change his policy or issue the plaintiffs licenses to carry firearms unless and until the District Court orders him to do so on remand, he also would not pursue en banc or Supreme Court review of the panel's decision. At the thirteenth hour, the state of California, which until then had taken no part either in this case over its five-year span or in any other case raising a comparable issue—and, indeed, had successfully urged that it should be dismissed from similar cases in which it had been named as a party—moved to intervene, invoking 28 U.S.C. § 2403(b) and Federal Rules of Civil Procedure 24(a)(1), 24(a)(2), and 24(b). After the panel denied that request, the state renewed it to the en banc court, which called for this response.

The state does not have an unconditional statutory right to intervene in this litigation. That right arises only when, among other things, the constitutionality of a state statute has been called into question. Because this case challenges only the Sheriff's *policy* under a California statute—a policy that many California sheriffs did not follow before the panel decision and do not follow today—that condition is

not satisfied here. Accordingly, although California may have an interest in the resolution of the plaintiffs' challenge, it is not the kind of interest that gives rise a statutory right to intervene. That said, while the state's dilatory tactics hardly make this a strong case for granting discretionary intervention, as the plaintiffs explained to the panel, they do not object should this Court, in its discretion, decide to permit the state to intervene at this juncture pursuant to Rule 24(a)(2) or 24(b).

## STATEMENT OF THE FACTS

With few very limited exceptions, California generally has made it unlawful for the typical resident to openly carry a loaded firearm outside the home. *See* Cal. Penal Code §§25850, §26350, 26400, 26035, 26045, and 26055 (Addend. 1-2, 5-7). California allows an individual to carry a loaded handgun in a concealed fashion, but only if he or she has a license to do so issued by a sheriff or police chief. *Id.* §§ 26150, 26155 (Addend. 2-4). To obtain a concealed-carry license, the applicant must demonstrate, among other things, "good cause." that the Sheriff accepts. *Id.* Although the sheriffs in many California counties interpret "good cause" to include the desire to carry a firearm for self-defense, San Diego's sheriff does not. E.R. IV 0874. As a result, the typical law-abiding resident of San Diego has no right to carry a loaded handgun outside the home. Instead, he requires an individual to demonstrate some particularized need to carry a firearm, such as a documented threat to his or her safety.

Shortly after the Supreme Court recognized in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that the Second Amendment protects an individual right to keep and bear arms, five individuals and the CRPA Foundation initiated this challenge to the Sheriff's policy, contending that it violates the Second Amendment. *Peruta*, 742 F.3d at 1148. Although the District Court rejected that argument, a divided panel of this Court reversed, reaching the "unsurprising" conclusion that "the right to bear arms includes the right to carry an operable firearm outside the home for the lawful purpose of self-defense," *id.* at 1166, and that the Sheriff may not flatly prohibit "the typical responsible, law-abiding citizen" from exercising that right, *id.* at 1169.

After the panel issued its opinion, the Sheriff announced that he did not intend to seek en banc or Supreme Court review, and the plaintiffs reasonably concluded that their litigation victory had been secured. Nevertheless, the sheriff also made clear that he will not change his policy or grant licenses to the plaintiffs or any other San Diego residents unless and until he is ordered to do so by the District Court on remand. *See* Appellee's Resp. Re. En Banc Pet. (May 14, 2014) (ECF 153-1) ("Appellee has not changed his policy or procedures for issuance of concealed carry licenses. All current applications that do no meet the existing policy are being held without action, pending final direction from the Court of the Legislature.").

At that remarkably late stage, California moved to intervene so that it could pursue en banc review itself. Mot. to Intervene, 4–5 (Feb. 27, 2014) (ECF 122-1) ("Mot."). Although the state has not participated in this case to date, and has sought to extract itself from comparable cases by claiming it is not a proper party to challenges to county "good cause" policies, the state claimed an unconditional right to intervene pursuant to 28 U.S.C. §2403(b) and Rule 24(a)(1), on the theory that this "appeal calls into question the constitutionality of the State's statutory scheme governing the carrying of firearms in public places." *Id.* at 5–6. The state alternatively sought to intervene pursuant to Rule 24(a)(2) or 24(b), arguing that its delay in seeking to join the case should be excused because it believed that its interests were being adequately represented by the county until the county decided not to pursue further review.

The panel denied the state's request, concluding that the reasons for and length of the state's delay in intervening were not excused by the county's actions. Order Denying Mot. to Intervene, 7 (Nov. 12, 2014) (ECF 156) ("Order"). Judge Thomas dissented and would have allowed the state to intervene and file a petition for en banc review. The state sought rehearing en banc of the order denying its intervention motion, and this Court requested this response.[1]

---

[1] The Brady Campaign to Prevent Gun Violence, the California Police Chiefs' Association, and the California Peace Officers' Association also filed petitions that the panel construed as requests to intervene and the n denied. On November 26, 2014, th e Brady Campaign moved to join the

# ARGUMENT

In support of its request to intervene, the state has invoked three different provisions: (1) Rule 24(a)(1), which allows for intervention as of right if the motion is timely and the applicant "is given an unconditional right to intervene by a federal statute"; (2) Rule 24(a)(2), which allows for intervention as of right if the motion is timely and the applicant has a "significantly protectable" interest that may be impaired or impeded by the litigation and is not adequately represented by an existing party; and (3) Rule 24(b), which allows for permissive intervention if the motion is timely and the applicant demonstrates an independent ground for jurisdiction and a common question of law and fact between its claim or defense and the case in which it seeks to intervene.

While the plaintiffs do not believe that the state has established any statutory right sufficient to justify intervention as of right under Rule 24(a)(1), they do not object to this Court permitting the state to intervene pursuant to Rule 24(a)(2) or Rule 24(b). Because the Sheriff continues to refuse to change his policy or issue licenses to the plaintiffs, it is clear that a live controversy remains. Accordingly,

---

State's petition for rehearing or rehearing en banc. Because this Court has called for a response only to the State's intervention petition, this response does not address the propriety of permitting the Brady Center to intervene. But for all the reasons stated in plaintiffs' initial opposition to intervention, the Brady Campaign cannot intervene. *See* Appellants' Opposition to Motions for Leave to Intervene by the State Of California Pursuant to Frcp 24(A)(1) and by the Brady Campaign to Prevent Gun Violence; and Opposition to California Police Chiefs Association and California Peace Officers Association Footnote Request to Intervene at 10-20.

the plaintiffs consider it within the discretion of this Court to conclude that the state is an appropriate party to intervene and seek further review of the county's policy.[2]

## I. The State Does Not Have An Unconditional Statutory Right To Intervene In This Litigation.

Under Rule 24(a)(1), courts must grant any timely intervention request filed by any applicant who "is given an unconditional right to intervene by a federal statute." States are given such a right when, among other things, "the constitutionality of any statute of that State affecting the public interest is drawn in question." 28 U.S.C. §2403(b).[3] Although California initially relied upon section 2403(b) and Rule 24(a)(1) as a potential avenue for intervention in this appeal, the state appears to have abandoned that argument in its en banc petition. And with good reason, as this litigation is about the constitutionality of San Diego's *policy*, not the constitutionality of any California statute.

---

[2] That said, for the reasons explained in their response to this Court's *sua sponte* request, the plaintiffs do not believe that en banc review is warranted.

[3] Section 2403(b) provides, in relevant part: "In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." Relatedly, Federal Rule of Appellate Procedure 44(b) requires that when "a party questions the constitutionality of a statute of a State in a proceeding in which that State or its agency, officer, or employee is not a party in an official capacity, the questioning party must give written notice to the circuit clerk immediately upon the filing of the record or as soon as the question is raised in the court of appeals. The clerk must then certify that fact to the attorney general of the State."

That much is clear from the panel decision itself, which confirms that the "only law 'drawn into question' on appeal was the law challenged at the District Court: the San Diego County policy." Order at 9. As the panel explained, "California law delegates to each city and county the power to issue a written policy setting forth the procedures for obtaining a concealed-carry license. San Diego County has issued such a policy. At issue in this appeal is *that policy's* interpretation of the 'good cause' requirement." *Peruta*, 742 F.3d at 1147 (emphasis added). As a result, there was only "one argument … at center stage" in this appeal: whether, "by defining 'good cause' in *San Diego County's* permitting scheme to exclude a general desire to carry for self-defense, *the County* impermissibly burdens [its residents] Second Amendment right to bear arms." *Id.* at 1149 (emphases added).

Although California now contends that the panel's decision "forbids California from authorizing local authorities to impose a meaningful 'good cause' requirement," Rehearing Request 1, that contention is belied by the fact that numerous sheriffs throughout the state already interpret "good cause" in precisely the same manner as the panel concluded the Second Amendment demands. California has never suggested that these sheriffs are violating state law; to the contrary, it has steadfastly insisted that it is up to each sheriff to determine for him or herself what constitutes "good cause." Indeed, when the state has been named

as a party in litigation involving counties with "good cause" policies like San Diego's, it has sought dismissal on the theory that it is not a property party to such challenges because it is up to each county to decide what constitutes "good cause." *See, e.g.*, Defs. Cross-Mot. Summ. J., at 3, *Pizzo v. San Francisco*, No. 09-04493 (N.D. Cal. July 2, 2012) (ECF 81); Mem. & Ord. Granting Mot. to Dismiss, at 4–7, *David K. Mehl et al. v. Lou Blanas et al.*, No. 2:03-cv-02682 (E.D. Cal. Sept. 3, 2004) (ECF 17).

At most, then, this litigation implicates state law only indirectly, which federal courts repeatedly have found insufficient to satisfy section 2403. *See, e.g.*, *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist. & La.*, 493 F.3d 570, 577–78 (5th Cir. 2007); *Blair v. Shanahan*, 38 F.3d 1514, 1516, 1522 (9th Cir. 1994). *Déjà vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees*, 411 F.3d 777, 796–97 (6th Cir. 2005). Courts likewise have rejected any suggestion that the fact that a county acts pursuant to a state statute necessarily means that "[t]he validity of [that] statute is … drawn in question." *United States v. Lynch*, 137 U.S. 280, 285 (1890); *see also Déjà vu of Cincinnati, L.L.C.*, 411 F.3d 777, 796–97.

Instead, section 2403 is implicated only when the constitutionality of a state or federal law is "squarely at issue." *Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*, 730 F.3d 208, 217 (3d Cir. 2013); *see also, e.g.*, *DeKalb Cnty. v. Fed.*

*Hous. Fin. Agency*, 741 F.3d 795, 797 (7th Cir. 2013); *CFCU Cmty. Credit Union*

*v. Hayward*, 552 F.3d 253, 258 (2d Cir. 2009); *Gritchen v. Collier*, 254 F.3d 807,

810 (9th Cir. 2001).  Because this litigation is about the constitutionality of a

county policy, and a county policy is decidedly not a "statute of [the] State," *Int'l*

*Paper Co. v. Inhabitants of Town of Jay, Me.*, 887 F.2d 338, 341–42 (1st Cir.

1989), that condition is not satisfied here.

## II.     The Plaintiffs Do Not Oppose The State's Request To Intervene Under Rule 24(a)(2) or Rule 24(b)

Although the state does not have an unconditional statutory right to

intervene in this appeal, the plaintiffs do not oppose the state's request to intervene

pursuant to Rule 24(a)(2) or (b).  While "intervention after the publication of an

appellate opinion must be extremely rare," Order at 5, it is not unprecedented in

this circuit where a state is concerned, *see Day v. Apoliona*, 505 F.3d 963 (9th Cir.

2007).  Accordingly, the plaintiffs consider it within the discretion of this Court to

conclude that this step is appropriate under the unusual circumstances of this case.

While the state's dilatory tactics are certainly not to be commended, and have

contributed to the delay in the plaintiffs' ability to exercise rights plainly

guaranteed by the Second Amendment, aside from that delay, the plaintiffs have no

reason to believe that allowing the state to intervene at this juncture would cause

them any significant prejudice.  The discretion this Court has to grant or deny

permissive motions to intervene, including for reasons of undue delay, exists in

large measure to protect the integrity, finality, and predictability of the Court's own proceedings. According, the plaintiffs leave it to this Court to determine whether the state is an appropriate party to join this litigation at this time.

## CONCLUSION

For the foregoing reasons, the plaintiffs oppose any rehearing or rehearing en banc regarding the State's intervention as of right under Rule 24(a)(1), but do not object to the State's intervention under Rule 24(a)(2) or (b).

December 24, 2014                    Respectfully submitted,

    s/C. D. Michel_____
C.D. Michel
*Lead Counsel*
Glenn S. McRoberts
Sean A. Brady
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard
Suite 200
Long Beach, CA  90802
Telephone: (526) 216-4444
E-mail: cmichel@michellawyers.com

Paul D. Clement
Erin E. Murphy
BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C.  20036
Telephone: (202) 234-0090
E-Mail: pclement@bancroftpllc.com
Attorney for Plaintiffs-Appellants



# ADDENDUM

# INDEX TO ADDENDUM

**Page**

Cal. Penal Code § 25850 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 1

Cal. Penal Code § 26150 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 2

Cal. Penal Code § 26155 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 3

Cal. Penal Code § 26350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 5

Cal. Penal Code § 26400 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 6

Cal. Penal Code § 26035 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 7

Cal. Penal Code § 26055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addend. 7

**Cal. Penal Code § 25850**

(a)    A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

(b)     In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section.

(c)    Carrying a loaded firearm in violation of this section is punishable, as follows:

(1)    Where the person previously has been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, as a felony.

(2)    Where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(3)    Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(4)    Where the person is not in lawful possession of the firearm, or is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

(5)    Where the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment pursuant to subdivision ( h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(6)    Where the person is not listed with the Department of Justice pursuant to Section 11106 as the registered owner of the handgun, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or both that fine and imprisonment.

(7)    In all cases other than those specified in paragraphs (1) to (6), inclusive, as a misdemeanor, punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(d)(1)   Every person convicted under this section who has previously been convicted of an offense enumerated in Section 23515, or of any crime made punishable under a provision listed in Section 16580, shall serve a term of at least three months in a county jail, or, if granted probation or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned for a period of at least three months.

(2)   The court shall apply the three-month minimum sentence except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the minimum imprisonment required in this section or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in this section, in which case, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

(e)   A violation of this section that is punished by imprisonment in a county jail not exceeding one year shall not constitute a conviction of a crime punishable by imprisonment for a term exceeding one year for the purposes of determining federal firearms eligibility under Section 922(g)(1) of Title 18 of the United States Code.

(f)   Nothing in this section, or in Article 3 (commencing with Section 25900) or Article 4 (commencing with Section 26000), shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a greater penalty than this section.

(g)   Notwithstanding paragraphs (2) and (3) of subdivision (a) of Section 836, a peace officer may make an arrest without a warrant:

(1)   When the person arrested has violated this section, although not in the officer's presence.

(2)   Whenever the officer has reasonable cause to believe that the person to be arrested has violated this section, whether or not this section has, in fact, been violated.

(h)   A peace officer may arrest a person for a violation of paragraph (6) of subdivision (c), if the peace officer has probable cause to believe that the person is carrying a handgun in violation of this section and that person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that handgun.

## Cal. Penal Code § 26150

(a)   When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county may issue a license to that person upon proof of all of the following:

(1)     The applicant is of good moral character.

(2)     Good cause exists for issuance of the license.

(3)      The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.

(4)     The applicant has completed a course of training as described in Section 26165.

(b)     The sheriff may issue a license under subdivision (a) in either of the following formats:

(1)     A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2)      Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

## Cal. Penal Code § 26155

(a)     When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the chief or other head of a municipal police department of any city or city and county may issue a license to that person upon proof of all of the following:

(1)     The applicant is of good moral character.

(2)     Good cause exists for issuance of the license.

(3)     The applicant is a resident of that city.

(4)     The applicant has completed a course of training as described in Section 26165.

(b)     The chief or other head of a municipal police department may issue a license under subdivision (a) in either of the following formats:

(1)     A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2)     Where the population of the county in which the city is located is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(c)     Nothing in th is c hapter shall preclude t he c hief or o ther h ead o f a m unicipal police department of any city from entering an agreement with the sheriff of the county in which the city is located for the sheriff to process all applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter.

## Cal. Penal Code § 26350

(a)(1)  A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:

(A)     A public place or public street in an incorporated city or city and county.

(B)     A public street in a prohibited area of an unincorporated area of a county or city and county.

(C)     A public place in a prohibited area of a county or city and county.

(2)     A person i s guilty of o penly carrying an unloaded handgun when tha t person c arries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:

(A)     A public place or public street in an incorporated city or city and county.

(B)     A public street in a prohibited area of an unincorporated area of a county or city and county.

(C)     A public place in a prohibited area of a county or city and county.

(b)(1)  Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2)     A violatio n of  subparagraph (A ) of p aragraph ( 1) of su bdivision (a) is punishable by imprisonment in a  county jail not exce  eding one ye ar, or by a  fine not  to exceed o ne thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:

(A)     The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

(B)     The person is not in lawful possession of that handgun.

(c)(1)  Nothing in this  section sh all pr eclude prose cution under  Chapter 2 ( commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2)     The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(d)     Notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a distinct and separate offense under this section.

## Cal. Penal Code § 26400

(a)     A p erson is guilty of ca rrying a n unl oaded f irearm that i s n ot a h andgun in an incorporated city or city and county when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle while in the incorporated city or city and county.

(b)(1)  Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2)     A violation of subdivision (a) is punisha ble by im prisonment in a county ja il not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if the firearm and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not in lawful possession of that firearm.

(c)(1)  Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2)     The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of la w sha ll not be puni shed u nder m ore than one provision.

(d)     Notwithstanding the fact that the term "an unloaded firearm that is not a handgun" is used in this section, each i ndividual firearm shall constitute a distinct and separate offense under this section.

## Cal. Penal Code § 26035

Nothing in S ection 25850 shall prevent any person engaged in any lawful business, including a nonprofit or ganization, or any offi cer, employee, or agent a uthorized by tha t pe rson for la wful purposes connected with that business, from having a loaded firearm within the person's place of business, or any person in lawful possession of private property from having a loaded firearm on that

property.

**Cal. Penal Code § 26055**

Nothing in Section 25850 shall prevent any person from having a loaded weapon, if it is otherwise lawful, at the person's place of residence, including any temporary residence or campsite.

**Form 11.**     **Certificate of Compliance Pursuant to**
                 **Circuit Rules 35-4 and 40-1**

---

**Form Must be Signed by Attorney or Unrepresented Litigant
and Attached to the Back of Each Copy of the Petition or Answer**

---

**(signature block below)**

---

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer is: (check applicable option)

_____   Proportionately spaced, has a typeface of 14 points or more and contains _____ words (petitions and answers must not exceed 4,200 words).

**or**

_____   Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text (petitions and answers must not exceed 4,200 words or 390 lines of text).

**or**

__X__   In compliance with Fed. R. App. 32(c) and does not exceed 15 pages.

__s/C.D. Michel_____
Signature of Attorney or
Unrepresented Litigant

**(New Form 7/1/2000)**

# CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2014, an electronic PDF of

**APPELLANT'S RESPONSE TO PETITION FOR REHEARING OR**

**REHEARING EN BANC REGARDING INTERVENTION** was uploaded to the

Court's CM/ECF system, which will automatically generate and send by electronic

mail a Notice of Docket Activity to all registered attorneys participating in the

case. Such notice constitutes service on those registered attorneys.

Date: December 24, 2014

/s/ C. D. Michel
C. D. Michel
Attorneys for *Plaintiffs-Appellants*