Jeffrey and Dena Massey
22013 Lucy Court
Santa Clarita, CA 91350
jamassey6@gmail.com

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 1 0 2015

FILED
DOCKETED
       DATE       INIT

August 4, 2015

Honorable Judge Harry Pregerson
9th US Court of Appeals
95 Seventh Street
San Francisco, CA 94103

RE: *Edward Peruta vs. County of San Diego #10-56971*

Dear Honorable Judge Pregerson:

As a California resident, legal and avid gun-owner and U.S. Citizen, I strongly support the 2nd Amendment to the U.S. Constitution and as such, I have been following the case of *Edward Peruta vs. County of San Diego #10-56971* over the last few years. I am writing this letter to you as a concerned and interested citizen to give you a private citizen's view of the concealed carry license (CCL) issue and to support the Peruta position in this case. I hope that this information will be considered as you work through the review process of this very important issue.

## A CONCERNED CITIZEN'S POINT OF VIEW

I wish to note that I am not a retired or current police officer, lawyer, private detective, security personnel or current military member. Therefore, based on current California law allowing police chiefs and sheriffs the ability to make arbitrary decisions on whether or not a private citizen is worthy or deserving of a CCL based on the ability or inability to provide "good" or "just cause," both my wife and I would be denied my application for a CCL in California.

As legal owners of firearms, both my wife and I would like to obtain a CCL for our and our family's personal protection during time frames when police are not available. Based on the fact that we both have passed numerous background checks, continue to follow the various tricky firearm laws and want to protect our family and ourselves, it is reasonable and prudent for the State of California to allow us to obtain the necessary CCLs without the burdensome requirement of "good" or "just cause." While I certainly understand and actually support the additional requirements required by the CCL application process including potential interviews, supplemental background checks, firearm safety and usage training and even recertification every five (5) or so years, the requirement of having to justify or provide "good cause" to obtain a CCL and exercise our 2nd Amendment rights seems not only counter-productive, counter-intuitive and illogical, it also appears to be unconstitutional.

1

Furthermore, while I am certainly not an attorney or judge, it is clear to me (and others) that the requirement of showing "good" or "just cause" is contrary to the intent and spirit of the 2nd Amendment by putting so many restrictions on legally-carrying and using legally-obtained firearms, especially when the framers of the U.S. Constitution found it vitally important to include the right to bear arms as the 2nd Amendment, right behind the Freedom of Speech.

As with the basic premise of "innocent until proven guilty," it is logical and reasonable to expect the same type of consideration in the issuance of a CCL to the average legal U.S. citizen in California. The requirement of "good" or "just cause" in the CCL process actually assumes that all private citizens are not worthy of their own protection and dare I say, it also assumes those same private citizens are naturally guilty of something nefarious. Moreover, the current CCL process appears to be designed to keep legal citizens from receiving a CCL and thus, preventing protection of themselves, their property and their families. This is problematic when in the District of Columbia v. Heller case, 554 U.S. 570 (2008); the U.S. Supreme Court provided that EVERY legal citizen in the U.S. has the Constitutional Right to bear arms and protect their life, liberty and property. It is further troublesome that the "good" or "just cause" policy continues within the State of California when the State's own Solicitor General conceded that the 2nd Amendment "Core Right" extends beyond the home in the recent En Banc Oral Arguments in June 2015.

**A REASONABLE APPROACH**

I certainly understand the rule of law and the need to regulate certain aspects of life's activities, behaviors and even our Constitutional rights however; rights are endowed to each legal U.S. citizen and as such, private citizens such as my wife and me should not have to jump through the unreasonable and arbitrary approval processes drummed up by various authorities/governmental entities when there are already specific processes involved in and required for exercising our 2nd Amendment rights. It stands to reason that if you are approved for purchasing a firearm, you should be able to clearly obtain a CCL.

With that said, I also do understand the need for potential additional steps required in order to obtain the CCL which could include the following items:

1. Obtaining safety, usage and situation training for firearms used for CCL;
2. An additional background check;
3. A requirement of notifying authorities of a move to another jurisdiction;
4. Recertification every five (5) years;
5. Possibly obtaining liability insurance for any CCL issuance;

These are items that could be easily crafted and adopted by the California Legislature and I am confident they would be supported by a large majority of firearm owners and California residents in general.

2

**IN CLOSING**

I fully understand that in your position as a judge, you do not write laws and that you merely interpret and apply the law to specific issues as required however, I hope that you seriously consider my personal views as an average, law-abiding and concerned U.S. citizen and California resident when discussing this issue with your panel of judges before the decision is made and released.

Please feel free to contact me should you need additional information or perspective on this issue. Thank you.

Respectfully,

Jeffrey A. Massey
Santa Clarita, CA